UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
TACTIX REAL ESTATE ADVISORS  :
LLC,                                       :
                                          :
                                          :
        Plaintiff,                 :        Civil Action No. 09-5243 (JAP)
                                          :
             v.                    :        **OPINION**
                                          :
WARREN TAUB, et al.,               :
                                          :
                                          :
        Defendants.                :
_____:

PISANO, District Judge.

Plaintiff Tactix Real Estate Advisors, LLC ("Tactix") brings this action seeking the payment of real estate commissions Tactix alleges is owed in connection with a lease agreement between Defendant/Third Party Plaintiff Cortland Street Associates ("CSA") and Third Party Defendant Elementis Specialties Inc. ("ESI"). CSA, by way of its Third Party Complaint against ESI, seeks specific performance of the lease as well as damages for ESI's alleged breaches of the lease.

Presently before the Court is a motion for summary judgment as to the Third Party Complaint by ESI. The motion is unopposed. However, the Court does not reach the merits of ESI's motion. Upon review, the Court finds that CSA's third party complaint was improperly brought and the Court lacks subject matter jurisdiction over the claims therein. Accordingly, the Court shall dismiss the Third Party Complaint and deny ESI's motion as moot.

## I.  Background[1]

At the relevant time, ESI was a tenant in a commercial property (the "Premises") owned by Third Party Plaintiff Cortlandt Street Association ("CSA") under a lease to which ESI succeeded.[2]  In or about January 2004, ESI and CSA's predecessor in interest, Jeffrey Simon Associates ("JSA"), executed an Extension and Modification of Lease Agreement (the "2004 Modification," together with the aforementioned lease, the "Lease" ), extending the then-existing lease until December 16, 2013 unless terminated earlier pursuant to the agreement's early termination provision.  About the same time, it is alleged that JSA and Plaintiff Tactix entered into a real estate commission agreement relating to the Lease and potential renewals thereof.  Complaint ¶ 9, Ex. A.

Just under a year later, in early December 2004, ESI sold its business, which was located on the Premises, to Royal Adhesives & Sealants, LLC ("Royal").  That same month, ESI hired Tactix Real Estate Advisors LLC ("Tactix") as a real estate consultant.  Through Tactix, ESI tried to negotiate an assignment of the Lease to Royal, but the parties were unable to reach an agreement.  Thereafter, ESI subleased the Premises to Royal.

On or about February 18, 2009, ESI advised CSA that it was terminating the lease effective February 2010.  Royal vacated the premises in February 2010.  The premises are currently vacant.

## II.  Procedural History

In October 2009, Plaintiff Tactix filed this suit seeking real estate commissions it claims it is owed.  Tactix alleges that defendants Warren Taub and CSA failed to pay real estate

---

[1] Unless otherwise indicated, the facts are derived from ESI's Statement of Undisputed Material Facts and those portions of the record cited therein.
[2] The original Lease was entered into by the parties' predecessors on December 17, 1984 and was modified and extended in 1987.

commissions owed under a "Commission Agreement" entered into in 2004 between JSA (as CSA's predecessor in interest) and Tactix. This agreement is a wholly separate agreement from the Lease between CSA and ESA. *See* Complaint, Ex. A.

Defendants answered Tactix's complaint denying it has any obligation to pay Tactix and counterclaimed against Tactix alleging that Tactix tortiously interfered with CSA's contractual relationship with ESI by advising ESI to terminate the Lease. Along with its answer, CSA filed its Third Party Complaint against ESI. The Third Party Complaint contains three counts. The first count alleges breach of the Lease and/or a failure to properly exercise the termination right under the Lease and seeks specific performance of the Lease. The second count alleges that ESI breached the Lease by notifying CSA that it was terminating the Lease. Last, the third count alleges that ESI breached the lease by failing to maintain the premises in accordance with the Lease and by failing to comply with municipal, state and federal laws relating to environmental damages to the Premises.

Federal Rule of Civil Procedure 14(a) permits a defendant, "as a third-party plaintiff, [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). A claim may be asserted under this rule "only when the third-party defendant's liability is derivative or secondary." *Tesch v. U.S.*, 546 F.Supp. 526, 529 (E.D. Pa. 1982). As the Third Circuit has noted:

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

*F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1446, at 355-58 (1990)). "A claim that is not derivative of or dependent on the main claim cannot be inserted into the controversy pursuant to

Rule 14(a), even if it is factually related and arises from the same transaction or occurrence." *AllTech Communications, LLC v. Brothers*, 601 F.Supp.2d 1255, 1259 (N.D. Okla. 2008) (citing *Baltimore & Ohio R.R. Co. v. Central Railway Servs., Inc.*, 636 F.Supp. 782, 786 (E.D. Pa. 1986) (explaining that the liability of the third-party defendant "cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant"); *Nat'l Bank of Can. v. Artex Industries, Inc.*, 627 F.Supp. 610, 613 (S.D.N.Y.1986) (stating that, under Rule 14(a), it is "not enough" that a third-party claim arises from the same transaction or set of facts as the original claims); Federal Practice and Procedure § 1442 ("[I]mpleader ... cannot be used as a way of combining all controversies having a common relationship in one action."))

Here, CSA's claims in the Third Party Complaint are separate and independent from the claims in Tactix's original complaint. On the one hand, Tactix seeks allegedly unpaid real estate commissions under a January 2004 commission agreement between Tactix and CSA (as successor in interest). On the other, CSA seeks damages and specific performance because ESI allegedly breached a lease agreement between CSA and ESI. Although the claims are factually related in that they are each connected in some way to ESI's lease of the property from CSA, this is not sufficient. CSA has improperly impleaded ESI, as its claims are not in any way dependent on the main claim in this action nor is it alleged that ESI is secondarily liable to Tactix.

Further, the Third Party Complaint does not allege a basis for federal jurisdiction for CSA's claims against ESI. *See* Federal Practice and Procedure § 1444 (3d ed.) ("The mere provision for third-party claims in Rule 14 is not a sufficient basis for extending subject matter jurisdiction to them.). CSA's claims arise exclusively under state law and, according to the Third Party Complaint, the parties are both citizens of New Jersey. While federal courts generally exercise supplemental jurisdiction over a properly brought third party complaint, *see*

*VP Buildings, Inc. v. Joseph A. Cairone, Inc.*, 2001 WL 1168862, *2 (September 27, 2001) (citing *F.D.I.C. v. Bathgate*, 27 F.3d 850, 874 (3d Cir.1994),  where a third party complaint "is not properly brought, this Court has no subject matter jurisdiction, and the complaint must be dismissed," *id.* (citing cases including *Bathgate*, 27 F.3d at 873 (district court may not entertain a third-party complaint where there is no basis for liability between the defendant and third-party defendant); *Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 69 F.Supp.2d 678, 690 (M.D. Pa. 1999) (third-party complaint that does not set forth basis for derivative or secondary liability "is not proper under Rule 14 and thus falls outside of this Court's ancillary jurisdiction")).

      The Third Party Complaint, therefore, shall be dismissed.  Consequently, ESI's motion for summary judgment is denied as moot.  An appropriate Order accompanies this Opinion.


                                                           /s/ JOEL A. PISANO
                                                           United States District Judge


Dated:  March 7, 2011